CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 15 2011

BY: JULIA C. DUDLEY, CLERK
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JONATHAN VAUGHAN<br>                    *Plaintiff,*<br>v.<br>SEARS LOGISTICS SERVICES, INC.<br>                    *Defendant.* | CIVIL ACTION NO. 6:11-CV-00011<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

    This matter is before the court upon consideration of Plaintiff's motion to strike Defendant's motion to dismiss, or in the alternative, to remand this case to the Circuit Court for the City of Lynchburg. (docket no. 8) As I find that the case does not "aris[e] under the workmen's compensation laws" of the Commonwealth of Virginia within the meaning of 28 U.S.C. § 1445(c), I will deny the motion.

    Plaintiff Jonathan Vaughan ("Vaughan") is a citizen of Virginia. Defendant Sears Logistics Services, Inc., ("Sears") is a Delaware corporation with its principle place of business in Illinois. Vaughan brought this action seeking $500,000.00 in damages, plus costs, in the Circuit Court for the City of Lynchburg. The complaint alleges that on or about October 1, 2009, Vaughan picked up a trailer loaded with tires from Sears at a location in Middleton, Pennsylvania. As alleged, Sears was negligent in, among other things, failing to secure properly the tires, overloading the trailer, and failing to warn Vaughan of the resulting danger. Vaughan asserts that as a result of that negligence, when he opened the door to the trailer at a Sears Auto Center in Westminster, Maryland, the tires cascaded out, causing him severe injury.

    While the case was still pending in state court, Defendant filed a motion to dismiss, arguing that Plaintiff's claim is barred because the Virginia Workers' Compensation Act

1

provides Plaintiff's exclusive remedy.[1] *See* Va. Code § 65.2-307A. Specifically, Sears contended that it fell within the "no stranger to the work test" articulated in *Whalen v. Dean Steel Co.*, 327 S.E.2d 102, 105 (Va. 1985) (finding claim barred where defendant subcontractor "was no stranger to the work in which [plaintiff's] employer was engaged . . . ."); *see also Fowler v. Int'l Cleaning Svc.*, 537 S.E.2d 312 (2000).

Defendant then removed the action to this court, invoking the court's jurisdiction under 28 U.S.C. § 1332. According to Plaintiff, Defendant cannot simultaneously argue that Plaintiff's claim is barred, and seek removal of the case. Although there is complete diversity between the parties, and the amount in controversy exceeds $75,000, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Plaintiff therefore seeks an order striking Defendant's motion to dismiss, or in the alternative, remanding this action to state court.

Defendant has not filed a motion to dismiss in this court, and I may not strike a motion that has not yet been filed. Nonetheless, Plaintiff raises a serious question of whether this case is properly before the court.[2] Relying on *Del Carmen Esparza v. Jozwiak*, 391 F. Supp. 2d 504 (E.D. Tex. 2005), Plaintiff argues that any cause of action that requires interpretation of a workers' compensation statute falls within the prohibition of § 1445(c). In that case, the district court held that because a negligence claim was barred by Texas workers' compensation law, removal was improper. 391 F. Supp. 2d at 507. However, I am not bound to follow *Del Carmen Esparza*, and in any event it is incorrect under the governing law of the Fifth Circuit. *See Ehler*

---

[1] There is some dispute whether Pennsylvania, Maryland, or Virginia law applies. However, the issue need not be resolved at this stage. In any event, preemption of common law remedies is a uniform feature of workers' compensation statutes. *See Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995).

[2] Although courts have held that § 1445(c) is not jurisdictional, and a right of remand may be waived if not brought within 30 days of removal, Plaintiff's motion is timely and merits this court's consideration. *See* 28 U.S.C. § 1447(c); *Wiley v. United Parcel Svc., Inc.*, 11 F. App'x 176, 178 (4th Cir. 2001) (unpublished opinion).

*v. St. Paul Fire and Marine Ins. Co.*, 66 F.3d 771, 772-773 (5th Cir. 1995). In *Ehler*, the Fifth Circuit upheld the denial of a motion to remand, reasoning that although the plaintiff's suit "may require interpretation of rights or benefits under the Texas Workers' Compensation Act, the Act itself does not provide for the specific right of action asserted by [plaintiff]." *Id.*

Courts have generally concluded that "arising under" as used in § 1445(c) has the same meaning as in the closely related federal question jurisdiction statute, 28 U.S.C. § 1331.[3] *Harper v. Autoalliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004); *Ehler*, 66 F.3d 771, 772-773 (5th Cir. 1995); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245-1246 (8th Cir. 1995); *see also Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994). Similarly, the Supreme Court has determined that "linguistic consistency" demands that courts give the same meaning to "arising under" in the jurisdictional statute for patent claims, 28 U.S.C. § 1338(a), and in the general jurisdiction statute, 28 U.S.C. § 1331. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829-30 (2002). It is well established that under the well-pleaded complaint rule, "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law.]" *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Accordingly, federal jurisdiction under § 1331 is not proper by mere virtue of an "actual or anticipated defense" based on federal law. *Id.*

Because the complaint sounds in negligence, not workers' compensation law, it does not "aris[e] under the workmen's compensation laws" for purposes of § 1445(c). *See id.* It is

---

[3] Section 1331 provides federal district courts with "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3

immaterial that Defendant has asserted, or is likely to assert a defense based on a workers' compensation statute. *See id.*[4]

For the foregoing reasons, Plaintiff's motion will be denied.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record.

Entered this  15th  day of August, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] I also observe that granting the relief sought could result in dissonant rulings. Remanding the case would require a determination that Plaintiff's claim "aris[es] under the workmen's compensation laws," 28 U.S.C. § 1445(c). However, the state court might then determine that the Virginia Workers' Compensation Act is inapposite.